**STANOLIND OIL & GAS COMPANY et al., Petitioners,**

v.

**FEDERAL POWER COMMISSION, Respondent.**

No. 15627.

United States Court of Appeals Fifth Circuit.

June 30, 1956.

Rehearing Denied Aug. 21, 1956.

John F. Jones, Tulsa, Okl., Percy Sandel, New Orleans, La., Richard B. Mc-Entire, Earl R. Stanley, Washington, D. C. (Dow, Lohnes & Albertson, Washington, D. C., of counsel), for petitioners.

Willard W. Gatchell, Gen. Counsel for Federal Power Commission, Lambert McAllister, Asst. Gen. Counsel, Washington, D. C., Abraham R. Spalter, Washington, D. C., for respondent.

Before BORAH, RIVES and BROWN, Circuit Judges.

BORAH, Circuit Judge.

This is a companion case to Humble Oil & Refining Company v. Federal Power Commission, 5 Cir., 236 F.2d 819 and the legal issues presented in both cases are the same, that is, the reviewability and, if reviewable, the validity of orders of the Federal Power Commission. As in Humble Oil, petitioners have invoked the jurisdiction of this Court under Section 19(b) of the Natural Gas Act, 15 U.S.C.A. § 717r(b), and are seeking a review of two orders of the Commission issued on April 1, 1955 and May 19, 1955, respectively. But, unlike Humble Oil, petitioners herein also contend but without supportive argument that the orders are reviewable under Section 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009.

The material facts are these: On October 19, 1954, in compliance with the regulations of the Commission which were promulgated in its series of 174-Orders, but under protest and with jurisdictional reservations, Stanolind filed on behalf of itself and the other petitioners herein a contract dated April 3, 1951, with amendments and supplements reflecting rates and charges in effect on June 7, 1954, for the sale of petitioners' natural gas from the Woodlawn Field, Harrison County, Texas, to the Mississippi River Fuel Corporation. Petitioners' contract as filed called for a price of 13 cents per Mcf. for the period April 3, 1953 to April 3, 1955, which was the second two-year term of the twenty-year contract. The contract also provided for

an increase in the price from 13 cents to 13.5 cents per Mcf. for the third two-year period of the contract, April 3, 1955 to April 3, 1957. In addition to the above-stated prices, a further provision of the contract required the purchaser to reimburse petitioners for three-fourths of the Texas gross production tax. Thereafter, on March 2, 1955, Stanolind under like protest filed on behalf of itself and the other petitioners herein a "Notice of Change in Rate Schedule" which contained the price adjustment provisions of the above contract for increase in rates and charges from 13 cents to 13.5 cents per Mcf. plus an additional amount of Texas gross production tax which arose solely from this increase in price. This change in rate schedule was to be effective on April 3, 1955. By an order issued on April 1, 1955, the Commission, referring to the aforesaid notice of change as applying to "presently effective rate schedules for sales subject to the jurisdiction of the Commission", ordered that a public hearing be held upon a date to be fixed by the Commission and suspended the proposed change in rates and charges.[1] Six days after the above suspension order was entered, the Commission allowed a rate increase filed by Gulf Oil Corporation to go into effect without suspension. This rate involved an increase in price from 13 cents to 13.5 cents per Mcf. for gas which Gulf sold from the Woodlawn Field to Mississippi River Fuel Corporation under contract terms which were in all pertinent respects identical to those of the petitioners herein.[2] Thereafter, on May 2, 1955, petitioners filed an application for rehearing in which they alleged that the Com-

mission had acted arbitrarily in granting Gulf's increase while denying petitioners' request, and prayed that the Commission vacate or modify its order of April 1. The Commission being of opinion that "the application set forth no new facts and no principles of law which either were not fully considered by the Commission when it adopted said order, or which having now been considered warrant any change in, or modification of said suspension order" issued an order on May 19, 1955, denying a rehearing. In the same order the Commission designated June 15, 1955, as the date for a hearing on the lawfulness of petitioners' proposed increase in rates and consolidated for hearing proceedings to investigate the lawfulness of like increases which had theretofore been proposed by Gulf Oil Corporation, Phillips Petroleum Company and Continental Oil Company, whose sales of gas from the Woodlawn Field were also made to Mississippi River Fuel Corporation under contract terms identical to those of petitioners. Petitioners thereupon filed with the Commission a motion to reconsider, vacate and set aside the May 19 order and for severance of the application of petitioners from the proceedings in which the Commission was investigating the lawfulness of the rates charged by Gulf. The motion grounds stated were that the consolidation would deny petitioner a fair, proper and orderly hearing, that the consolidation was an improper joinder of separate and different proceedings inasmuch as there was no judicial relationship between petitioners and Gulf Oil Corporation and because the investigation involving Gulf's proposed increase

[1] The reasons given by the Commission for suspending the rates were: "The increased rates and charges proposed in the aforesaid filing has not been shown to be justified, and may be unjust, unreasonable, unduly discriminatory, or preferential, or otherwise unlawful." The Commission's findings were: "It is necessary and proper in the public interest and to aid in the enforcement of the provisions of the Natural Gas Act that the Commis-

sion enter upon a hearing concerning the lawfulness of the said proposed changes, and that the above-designated supplement be suspended and the use thereof deferred as hereinafter ordered."

[2] The foregoing statement is based upon matter contained in exhibits which were attached to petitioners' application for rehearing and made by reference a part thereof.

in rates was a Section 5 proceeding whereas the proceedings involving petitioners' rates were being conducted under Section 4 of the Natural Gas Act. Petitioners further complained in the motion to vacate that the order of May 19 was fatally defective because the Commission had failed to assign reasons therefor. The record does not show what disposition was made of the motion to vacate and sever, but four days after that motion was filed, and on June 6, 1955, petitioners filed the within petition for review and for a stay of the orders pending the final determination of the issues herein. The Commission in turn moved to dismiss the petition for review and stay on the grounds that this Court has no jurisdiction to entertain the petition for review. On July 12, 1955, this Court denied petitioners' request for a stay and there accordingly remain for our consideration the questions raised by the petition for review and the motion to dismiss.

We have carefully considered petitioners' numerous assignments of error [3] and are of the clear opinion that there exists

---

3. "Allegations of error.

(1) The respondent Commission's order of March 30, 1955, suspending the petitioner Stanolind's Notice of Change of Rate Schedule was issued without just cause therefor and without the Commission having before it facts which would justify such a suspension, and as such, constitutes an unlawful, arbitrary and capricious exercise of authority and abuse of discretion and power.

"(2) The respondent Commission's Order of Suspension was issued in complete disregard of the plain and undisputed facts as shown by the record before the Commission, and as such constitutes an unlawful, arbitrary and capricious exercise of authority and abuse of discretion and power.

"(3) The Commission's Order of Suspension is illegal and invalid because the Commission failed, neglected and refused to state therein, the reasons for its action, in complete disregard of the clear and unambiguous requirement of Section 4(e) of the Natural Gas Act, 52 Stat. 822 (1938), 15 U.S.C. 717c (1946), and Section 6(d) of the Administrative Procedure Act, 60 Stat. 240, USCA S. 1005(d) (1946).

"(4) The action of the Commission in suspending said Notice of Change of Rate Schedule deprives Petitioners of their property without due process of law, and in contravention of the rights of the petitioners' under the Constitution of the United States.

"(5) The action of the Commission in suspending said Notice of Change of Rate Schedule while allowing identical changes of rates for other persons who are joint owners with Petitioners of certain of the producing properties involved in the sale of natural gas, when such sales are made under identical contractual provisions, constitutes unfair and unequal treatment under law, and is unfair and discriminatory against Petitioners and as such is arbitrary and capricious and an abuse of discretion and power, all of which treatment and conduct is prohibited by the provisions of the Natural Gas Act and the Administrative Procedure Act.

"(6) The action of the Commission in suspending said Notice of Change of Rate Schedule is an attempt to interfere with an initial rate filing, and as such is unlawful and exceeds the power of the Commission since the Natural Gas Act expressly provides that persons subject thereto are free to file initial rates of their choice, and the Commission is not authorized to change or interfere therewith, nor to prescribe rates of any character until after it has given notice, conducted a hearing and made the prescribed findings of unreasonableness, none of which steps were taken in this proceeding.

"(7) The Commission erred in failing to vacate its Order of Suspension, or to grant a rehearing thereon, but on the contrary by its order of May 19, 1955, denied such vacation or rehearing without assigning therefor any valid reasons for such action, all of which constituted further acts which were arbitrary and capricious, unlawful and a further abuse of discretion, and were directly contrary to the provisions of the Natural Gas Act and the Administrative Procedure Act.

"(8) The action of the Commission is suspending the Notice of Change of Rate Schedule and denying the Motion to Vacate Suspension, etc. has unlawfully, unreasonably, and arbitrarily worked a grievous, substantial and irreparable injury upon Petitioners by denying them sums of money to which they are legally and equitably entitled, and which cannot at any subsequent time be recouped.

"(9) The order of the Commission of May 19, 1955, purports to find that the Petitioner Stanolind is engaged in inter-

in the instant case the identical legal principles involved in Humble Oil & Refining Company v. Federal Power Commission, supra, with respect to reviewability under Section 19(b). And since in Magnolia Petroleum Company v. Federal Power Commission, 5 Cir., 236 F.2d 785, we held that Section 10 of the Administrative Procedure Act adds nothing to our jurisdiction under the Natural Gas Act, it follows that the petition for review must be dismissed for lack of jurisdiction.

Dismissed.

JOHN R. BROWN, Circuit Judge, dissenting. For dissenting opinion see 236 F.2d 785.

## On Petition for Rehearing

PER CURIAM.

As neither of the judges who concurred in the decision of the court in the above numbered and entitled cause is of opinion that the petition for rehearing should be granted, it is ordered that the said petition be, and the same is hereby, Denied.

JOHN R. BROWN, Circuit Judge, dissents.

state commerce and treats Stanolind as a 'natural gas company' as defined in the Natural Gas Act, when such finding and treatment are wholly unsupported by any facts before the Commission, but rather are contrary to the true situation, and hence the Commission is seeking to exercise jurisdiction which it does not possess over matters which are beyond the scope of its powers.

"(10) The action of the Commission in suspending Petitioners' Notice of Change of Rate Schedule and denying Stanolind's Motion to Vacate, etc., creates and perpetuates an unlawful, unreasonable discriminatory disparity in rates, without warrant in law or fact, which disparity is prejudicial to Petitioners and subjects them to substantial and irreparable injury and harm."